United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI FOX and DAVID FOX,<br><br>    Plaintiffs,<br><br>  v.<br><br>iVILLAGE, a Delaware corporation, KNOWLEDGEWEB, INC., a California corporation, d/b/a Astrology.com, and DOES 1-100,<br><br>    Defendants. | No. C-05-3327 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Kelli Fox and David Fox ("Plaintiffs" or "Foxes") brought this action against iVillage, Inc., KnowledgeWeb, Inc., and Does 1-100, (collectively "Defendants"), alleging, inter alia, trademark infringement, breach of contract and cybersquatting.

Presently before the Court is Defendants' motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). The Court, having reviewed the parties' submissions, hereby GRANTS Defendants' motion and DISMISSES the case for want of jurisdiction.

//
//
//

## II. BACKGROUND

The Foxes, who are astrologers and run their own on-line astrology business, signed Service Mark and Marketing Agreements ("Agreements") with Defendants, allowing Defendants to use the Kelli Fox mark as "Astrology Marks" or "Reserved Marks."[1] Complaint at 3-4 ("Compl."), Declaration of Aaron L. Danzer in Support of Motion to Dismiss the Complaint, Ex. B, at 2, 4 ("Danzer Decl."). The Agreements define "Astrology Marks" as the Kelli Fox mark when used in the "Field of Interest" ("FI") and "Reserved Marks" as the Kelli Fox mark when used "outside the Field of Interest." Danzer Decl., Ex. B at 2. The FI, as defined by the Agreements, means "the field of on-line information services directed primarily toward women and the field of on-line astrological information services." Id.

The Foxes worked for Defendants from 1999, the year the agreements were signed, until 2003, a period the Agreements define as "the term of employment by the Founders [viz., the Foxes] by the Company [viz., iVillage and KnowledgeWeb] as set forth" in an employment agreement incorporated by reference. Id. at 4.

The Agreements' Compensation Section states:

> During the Employment Period, the Company shall have a royalty-free right and license to use the Reserved Marks. After the Employment Period, the Company agrees to pay the Founders a 5% royalty on gross revenues derived from goods and services employing the Reserved Marks, which goods or services are produced or authorized by the Company, less any returns.

---

[1] The Kelli Fox mark, for purposes of this order, means the Kelli Fox mark, the "likeness of Kelly Fox, any logo incorporating the name and likeness of Kelli Fox and any stylized versions thereof." Danzer Decl., Ex. B at 4.

-2-

Id.

After Plaintiffs left Defendants' employ, Defendants allegedly used the Kelli Fox mark for products and services outside the FI, including "psychic services" and the use of the Kelli Fox mark as if she were still employed by Defendants. Compl. at 4.  The Foxes assert that Defendants have made a "substantial financial gain without royalty payments to the Foxes."  Id. at 6.

The Foxes filed a Complaint alleging breach of contract, trademark infringement and dilution, false advertising, cybersquatting, violation of the right of publicity, and unfair competition.  Id. at 16.

Defendants contend that the Court lacks jurisdiction over the case because Plaintiffs' claims truly arise under state law. Defendants' Memorandum in Support of Motion to Dismiss at 16-19 ("Defs.' Mem.").

**III.   LEGAL STANDARD**

The Federal Courts have "original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  The Federal Courts have supplemental jurisdiction over state law claims if the claims are "so related" to the federal claims that they "form part of the same case or controversy."  28 U.S.C. § 1367.

A Federal Court may examine the question of subject matter jurisdiction sua sponte.  See Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).  Federal Courts must normally determine issues of subject matter jurisdiction before

-3-

1  considering a case on its merits.  Id.  When a court lacks
2  jurisdiction, the "only function remaining to the court is that of
3  announcing the fact and dismissing the cause."  Id., quoting Ex
4  parte McCardle, 7 Wall. 506, 514 (1868).
5      "In our notice pleading regime...the district court looks
6  past the surface allegations to make its own assessment of what
7  law the claim arises under."  International Armor Limousine
8  Company v. Moloney Coachbuilders Inc., 272 F.3d 912, 915 (7th Cir.
9  2001).

**IV.  DISCUSSION**

This case presents a state law contract dispute, not one involving a substantive question of federal law.  Though Plaintiffs have tried to frame the issues as if they implicated questions of federal law, the "mere existence of [a] protected tradename and attendant symbol..does not provide a basis for federal jurisdiction."  Postal Instant Press v. Clark, 741 F.2d 256, 257 (9th Cir. 1984).  The fact that Plaintiffs' claims for unauthorized use of the Kelli Fox mark is governed by  a contract covering the rights and uses of the Kelli Fox mark compels the Court to dismiss this case.

The Lanham Act "establishes marketplace rules governing the conduct of parties not otherwise limited."  Silverstar Enterprises, Inc. v. Aday, 537 F. Supp. 236, 242 (N.D.N.Y. 1982) (emphasis added).  If a contract is in place, it governs:

> [T]he Lanham Act is not intended to interfere with the contractual agreement between a mark's owner and his licensee.  In licensor-licensee cases where a contract governs the rights to a mark, it is the contract and not the Lanham Act which determines the rights of the parties.

-4-

1  Moog Controls v. Moog, Inc., 923 F. Supp. 427, 431 (W.D.N.Y.
2  1996).

3  Courts will generally dismiss actions "which fundamentally
4  assert contract claims and only incidentally involve" patents,
5  copyrights or trademarks.  Silverstar, 537 F.Supp. at 241.

6  In the instant case, the parties have a contract that
7  addresses the use of the Kelli Fox mark.  Plaintiffs' federal
8  claims are based on the idea of Defendants' allegedly
9  impermissible use of the mark.  If Defendants' use of the mark was
10 permitted by the Agreements, there has been no improper use of the
11 mark as would sustain the federal claims.

12 The strongest indication of this is found in the Agreements
13 themselves.  The Marketing Agreement contemplates and allows
14 Defendants' use of the mark outside the FI, viz., the Reserved
15 Marks.  Danzer Decl., Ex. B at 4.  As stated above, "[a]fter the
16 Employment Period, the Company agrees to pay the Founders a 5%
17 royalty on gross revenues derived from goods and services
18 employing the Reserved Marks, which goods or services are produced
19 or authorized by the Company, less any returns."  Id.  Because the
20 Marketing Agreement grants Defendants the use of the marks outside
21 the FI, Plaintiffs cannot now claim that Defendants misused their
22 mark by using it outside the FI.

23 Plaintiffs concede that they are owed money for this use.
24 "The Companies have refused to pay the Foxes the 5% royalty on
25 gross revenues derived from goods and services using the KELLI FOX
26 [sic] mark and her name and likeness outside the agreed upon Field
27 of Interest."  Compl. at 7.  Plaintiffs cannot have it both ways.

28

-5-

1  More specifically, Plaintiffs cannot assert that the same use
2  constitutes infringement and also obligates the payment of
3  royalties under the Agreements.  Though Plaintiffs may be
4  displeased by the uses to which the mark has been put, their
5  displeasure is not actionable in federal court.
6      In sum, the Agreements govern, the Lanham Act's authority
7  over use of the mark is displaced, and the case fails for want of
8  jurisdiction.
9      The Court will now more specifically address Plaintiffs'
10 federal claims.
11     A.   First Claim:  Federal Trademark Infringement
12     Defendants contend that Plaintiffs cannot bring a claim
13 under 15 U.S.C. § 1125(a)(1)(a) because the Foxes do not have a
14 valid, protectible trademark interest in the Kelli Fox mark.
15 Defs.' Mem. at 6.  Specifically, Defendants contend that Plaintiff
16 has not used the mark in commerce.  Id. at 7.
17     Plaintiffs contend that they need not have rights to a valid
18 trademark to state a claim under § 1125(a)(1)(A).  Plaintiffs'
19 Memorandum in Opposition to Motion to Dismiss at 3 ("Pls.' Mem.").
20     Plaintiffs have not stated a valid claim for relief under the
21 Lanham Act because Defendants' use of the mark was authorized.
22 "The Supreme Court has made it clear that trademark infringement
23 law prevents only unauthorized uses of a trademark."  Bosley
24 Medical Institute, Inc., et al. v. Kremer, 403 F.3d 672, 676 (9th
25 Cir. 2005).
26     As stated above, the use was authorized and therefore, as a
27 threshold matter, there can be no claim made under the Lanham Act.

-6-

B.  Fourth Claim:  Trademark Dilution under 15 U.S.C. § 1125(c)(1)

Plaintiffs contend that Defendants' alleged misuse of the Kelli Fox mark "in association with psychics and psychic goods and services...dilutes, tarnishes and blurs the distinctive quality" of the mark.  Compl. at 10.

Defendants contend that Plaintiffs do not own the Kelli Fox mark and therefore their dilution claim cannot stand.  Defs.' Mem. at 9.

As stated above, the use was authorized and therefore, as a threshold matter, there can be no claim made under the Lanham Act.

C.  Sixth Claim:  False Advertising Under 15 U.S.C. § 1125(a)

Plaintiffs have not stated a valid claim for relief under the Lanham Act because Defendants' use of the mark was authorized.

As stated above, the use was authorized and therefore, as a threshold issue, there can be no claim made under the Lanham Act.

D.  Eighth Claim: Cybersquatting

Plaintiffs allege that Defendants' use of the domain name www.kellifox.com is "misleading because it is likely to deceive the public into believing that Ms. Fox still works for the [Defendants]."  Compl. at 13.

Defendants contend that because iVillage lawfully owns the mark, it "surely is not a cybersquatter."  Defs.' Mem. at 11.

Among other elements of cybersquatting, a plaintiff must be able to prove that a defendant had a "bad faith intent to profit from the mark."  15 U.S.C. § 1125(d)(1)(A)(I).  "Bad faith intent described under subparagraph (A) shall not be found in any case in

-7-

1  which the court determines that the person believed and had
2  reasonable grounds to believe that the use of the domain name was
3  a fair use or otherwise lawful." 15 U.S.C. § 1125(d)(1)(B)(ii).
4      As stated above, use of the mark outside the FI was
5  authorized by the Agreements.  Therefore, the Court finds that
6  there was no bad faith intent because Defendants believed and had
7  reasonable grounds to believe that the use of the name was lawful.
8      Plaintiffs have not set forth valid claims arising under
9  federal law and therefore have failed to establish that this Court
10 has subject matter jurisdiction over the case.  The Court also
11 notes that Because Kelli Fox and KnowledgeWeb, Inc. are citizens
12 of California, there jurisdiction based on diversity of the
13 parties.[2]
14     Because the Court lacks jurisdiction over the federal claims,
15 it lacks jurisdiction over the state claims as well.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

[2] Kelli Fox states that she "is an individual with a principle place of residence in San Francisco, California."  Compl. at 1.

-8-

**V.   CONCLUSION**

The Court lacks subject matter jurisdiction over Plaintiffs' federal claims and therefore it has no supplemental jurisdiction over the state claims.  There is also no jurisdiction based on diversity of the parties.

For the reasons stated above, the Court GRANTS Defendants' motion under FRCP 12(b)(1).  The Court DISMISSES Plaintiffs' Complaint in its entirety, thereby DISMISSING Plaintiffs' case.

IT IS SO ORDERED.

Dated:   November 23, 2005

_____
UNITED STATES DISTRICT JUDGE